UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR FRANKLIN HOWIE, JR., | |
| Plaintiff, | CASE NO. C14-5849-JCC-MAT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | REPORT AND RECOMMENDATION RE; SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff Arthur Franklin Howie, Jr., proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] He graduated from high school and completed one year of community college, and previously worked as a dishwasher, forklift driver, and laborer.

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

(AR 37, 164.)

Plaintiff protectively filed applications for DIB and SSI on June 1, 2011, alleging disability beginning May 5, 2011.  (AR 134-49, 159.)  His applications were denied at the initial level and on reconsideration, and Plaintiff timely requested a hearing.  (AR 95-98, 103-09.)

On April 2, 2013, ALJ James W. Sherry held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 29-66.)  On April 19, 2013, the ALJ issued a decision finding Plaintiff not disabled.  (AR 13-24.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on August 28, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had worked after the alleged onset date, and that the work activity rose to the level of substantial gainful activity during some periods of 2011 and 2012.  (AR 15-16.)  The ALJ also found that there have been continuous twelve-month period(s) during which Plaintiff has not worked, and that the remainder of the decision applies to those periods.  (AR 15-16.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's cervical spondylosis with myelopathy status post discectomy and fusion, and plating C4-C5 and C5-C6.  (AR 16-17.)  Step three asks whether a claimant's impairments meet or equal

REPORT AND RECOMMENDATION
PAGE - 2

a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 17-18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that he can lift no more than fifty pounds at a time, and can frequently lift or carry twenty-five pounds. He can stand, walk, or sit for six hours each in an eight-hour workday. He can push/pull unlimitedly within the lifting restrictions. He can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, crouch, kneel, crawl, reach, and climb ramps or stairs. He can frequently handle and finger. He can frequently rotate, flex, or extend his neck. He should avoid concentrated exposure to unprotected heights and the use of moving machinery. (AR 18-22.) With that assessment, the ALJ found Plaintiff capable of performing his past relevant work as an industrial truck operator, warehouse worker, janitor, palletizer, telemarketer, and dishwasher/kitchen helper. (AR 22-23.)

The ALJ also proceeded in the alternative to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as electrical assembler, parking lot attendant, mail clerk, printed circuit board assembler, charge account clerk, and telephone info clerk. (AR 23.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing his mental and physical impairments and the medical opinion evidence related thereto. He asks that the ALJ's decision be reversed and his claims remanded for a finding of disability. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Mental Impairments</u>

The ALJ found at step two that although a DSHS examining psychologist, William Wilkinson, Ed.D., had diagnosed Plaintiff with anxiety disorder, major recurrent depression with psychotic features, rule/out bipolar disorder, and alcohol dependence in late, sustained, full remission, Dr. Wilkinson's opinion (AR 298-305) was entitled to no weight because (1) it was based entirely on Plaintiff's self-report, which was not credible; (2) the examination was conducted for the purpose of determining eligibility for benefits, and therefore Plaintiff had an incentive to exaggerate symptoms; (3) Dr. Wilkinson did not have a treating relationship with Plaintiff; (4) Dr. Wilkinson did not explain his checkbox opinion as to Plaintiff's functional limitations, and failed to cite objective findings; (5) the standards used by DSHS are different than the standards used by the Social Security Administration; (6) Plaintiff has not received mental health treatment since he was released from prison in 1996, and did not allege mental impairments at his administrative hearing. (AR 17.)

REPORT AND RECOMMENDATION
PAGE - 4

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The Court now turns to consider whether the ALJ's reasons for rejecting Dr. Wilkinson's opinion are specific and legitimate.[2] The ALJ first stated that Dr. Wilkinson's opinion is rejected because it relies on Plaintiff's non-credible self-report. This is a legitimate reason, because Dr. Wilkinson did not review any records (AR 298), and describes Plaintiff's self-report at length (AR 299). Plaintiff does not challenge the ALJ's adverse credibility determination, and thus the ALJ was entitled to discount Dr. Wilkinson's opinion to the extent it relied on Plaintiff's non-credible self-report. *Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014). The ALJ also properly discounted Dr. Wilkinson's opinion based on Dr. Wilkinson's limited role as an examining provider, because an ALJ is entitled to afford less weight to an examining provider's opinion than to a treating provider's opinion. *See, e.g.*, 20 C.F.R. §§ 404.1527(c), 416.927(c).

The ALJ also properly discounted Dr. Wilkinson's opinion as unexplained and unsupported, because Dr. Wilkinson's opinion regarding Plaintiff's functional limitations

---

[2] The Court notes that Plaintiff's Opening Brief challenges only two of the ALJ's six reasons to reject Dr. Wilkinson's opinion. *See* Dkt. 13 at 5.

REPORT AND RECOMMENDATION
PAGE - 5

consists solely of checkbox indications. (AR 300.) An ALJ properly considers whether a medical opinion is supported by citation to clinical evidence, and is entitled to discount an opinion consisting of unexplained checkbox answers. *See, e.g.*, *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Finally, the ALJ legitimately discounted Dr. Wilkinson's opinion as inconsistent with the remainder of the record, which contains no evidence of mental health treatment or even allegations of the severe mental health symptoms, such as hallucinations, that Plaintiff reported to Dr. Wilkinson. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (affirming an ALJ's rejection of an opinion that inconsistent with the record).

The ALJ did, however, err in rejecting Dr. Wilkinson's opinion based on the purpose for which it was obtained, because the purpose for which an opinion is obtained is not alone "a legitimate basis for rejecting it." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). Likewise, alleged differences between DSHS and the Commissioner's standards for determining disability do not constitute a legitimate basis to discount Dr. Wilkinson's opinion, because Dr. Wilkinson did not cite or appear to rely on DSHS standards for determining eligibility for benefits, and thus it is not clear that this factor affected Dr. Wilkinson's opinion. The ALJ's inclusion of these two erroneous reasons is harmless, because the ALJ's remaining rationale — much of which is unchallenged by Plaintiff — is valid despite the errors. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).[3]

Accordingly, the ALJ's findings regarding Plaintiff's mental limitations and Dr.

---

[3] Plaintiff also argues that the ALJ's "sweeping prejudice" against DSHS opinions is evidence of actual bias. Dkt. 15 at 5. Plaintiff has failed to establish that the ALJ's treatment of unexplained checkbox opinions amounted to behavior "so extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)).

REPORT AND RECOMMENDATION
PAGE - 6

Wilkinson's opinion should be affirmed.

## Physical Impairments

Plaintiff argues that the ALJ improperly assessed his physical impairments, because the ALJ should have found at step three that he meets Listing 1.02A and because the ALJ improperly discounted the opinion of DSHS examining physician Yaw D. Sarpong, M.D.

A.   Step Three

At step three of the sequential evaluation of disability, the ALJ considers whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations.  The Listing of Impairments (the "listings") describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1525.  If a claimant meets or equals a listing, the claimant is found *per se* disabled without further inquiry.  If not, the analysis proceeds to the next steps of the evaluation.

Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established in order for claimant's impairment to meet the listing.  *Tackett*, 180 F.3d at 1099. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (emphasis in original). The claimant's impairment must not only be one listed in Appendix 1, but must have the specific findings shown in the listing for that impairment.  *Marcia v. Sullivan,* 900 F.2d 172, 175 (9th Cir. 1990).

Listing 1.02A requires that a claimant has "a gross anatomical deformity" "with chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the

affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)," with "[i]nvolvement of one major peripheral weight-bearing joint" "resulting in an inability to ambulate effectively." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02A. Plaintiff's Opening Brief (Dkt. 13 at 6) does not identify evidence that establishes the specific findings required by Listing 1.02A, nor explain why the ALJ erred in finding that "there is no indication in the record of objective medical imaging showing joint space narrowing, bony destruction, or ankylosis of a *weight-bearing joint*." (AR 18 (emphasis in original).) The Commissioner noted this deficiency in the Response Brief (Dkt. 14 at 9), and Plaintiff's Reply Brief does not mention Listing 1.02A at all. Dkt. 15 at 4-5. Thus, Plaintiff has failed to establish an error in the ALJ's step-three findings.

B.   Dr. Sarpong's Opinion

Dr. Sarpong conducted a DSHS examination of Plaintiff in November 2012, and found Plaintiff to be limited to sedentary work, with brief periods of standing or walking, and opined that Plaintiff's limitations would persist for five months. (AR 292-96.) The ALJ stated that he gave "little weight" to Dr. Sarpong's opinion "for the same reason DSHS opinions are limited as explained above." (AR 21.) The ALJ also noted that Plaintiff had not sought treatment for his physical condition between February 2012 and the time of Dr. Sarpong's examination nine months later, which suggests that Plaintiff's condition was not as severe as he alleged. (*Id.*)

The ALJ's rationale with respect to "DSHS opinions" is not specific, because it is not clear whether the ALJ intended to import all of his reasoning regarding Dr. Wilkinson's opinion onto the discussion of Dr. Sarpong's opinion, and it is not clear that all of the reasons given to reject Dr. Wilkinson's opinion apply equally to Dr. Sarpong's opinion.

But the ALJ provided another reason to discount Dr. Sarpong's opinion: Plaintiff's

REPORT AND RECOMMENDATION
PAGE - 8

unexplained lack of treatment in the months preceding Dr. Sarpong's evaluation. (AR 21.) Plaintiff does not challenge this reason.

Furthermore, as noted by the Commissioner (Dkt 14 at 14) and not discussed by Plaintiff in his Reply, any error in the ALJ's rejection of Dr. Sarpong's opinion is harmless, because Dr. Sarpong opined that Plaintiff could perform sedentary work and the ALJ identified multiple sedentary jobs at step five that Plaintiff could perform. (AR 23.) Thus, even if Dr. Sarpong's opinion were credited, it would not affect the ALJ's ultimate non-disability finding, rendering any error is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Accordingly, Plaintiff has failed to establish that the ALJ's decision contains any harmful error in the assessment of his physical impairments.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

/ / /

/ / /

/ / /

/ / /

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 22, 2015**.

DATED this 7th day of May, 2015.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10